UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | CRIMINAL NO. 4:13-CR-206-SDJ |
| LYNDSEY RYAN COX | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lyndsey Ryan Cox's Sealed Motion for Compassionate Release/Reduction in Term of Imprisonment. (Dkt. #69). The Government has responded, (Dkt. #74), and Cox has replied, (Dkt. #78). Having considered the motion, the subsequent briefing, and the applicable law, the Court concludes that the motion must be **DENIED in part** and **DISMISSED in part for lack of jurisdiction**.

### I. BACKGROUND

Cox is currently serving a 120-month prison sentence to be followed by a seven-year term of supervised release pursuant to his conviction for coercion and enticement. (Dkt. #55); *see* 18 U.S.C. § 2422(b). Cox is currently serving his sentence at the BOP's Federal Medical Center in Fort Worth. Relying on 18 U.S.C. § 3582(c)(1)(A), Cox now requests that the Court either reduce his sentence to time served or, at a minimum, reduce his sentence by 207 days as a result of the time he spent in a residential treatment facility pending the disposition of his case. (Dkt. #69 at 1).

1

Cox submitted to his warden a request for this jail-time credit in June of 2018. (Dkt. #69 at 55–61). The 2018 request asked that a credit be applied to Cox's federal sentence for the 207 days he spent at a treatment center following his arrest by state authorities and detention by federal authorities pursuant to a writ of habeas corpus ad prosequendum. The time Cox spent at the treatment center ended before the Court's sentencing. After reviewing these facts, the warden denied Cox's request for sentence credit, concluding that Cox was not detained during his treatment but was released under restrictive conditions. Cox appealed the warden's denial to the BOP regional director. The regional director denied Cox's appeal, stating that the Sentencing Computation Manual and Supreme Court precedent disallow computing "time spent under restrictive conditions of release (including time spent in a community treatment center . . .) [as] official detention entitling an inmate to prior custody time credit under 18 U.S.C. § 3585(b)." (Dkt. #69 at 59). Cox has not submitted materials showing he further appealed this denial to the BOP's Office of General Counsel.

Instead, in August of 2020, Cox renewed his request for sentence credit for the approximately seven months of treatment. (Dkt. #69 at 55). The 2020 request states that the COVID-19 pandemic "has significantly compounded" Cox's need for the seven-months' credit, although Cox does not state that he has contracted COVID-19 or that he has any particular medical conditions that would increase the danger to his health should he become infected. Moreover, although his 2018 and 2020 requests asked for jail credit, Cox has never specifically asked the BOP to bring a

2

compassionate-release or sentence-reduction motion on his behalf pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II. LEGAL STANDARD

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such exception arises from Section 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment if, after considering the relevant factors set forth in 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons" support such a reduction and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).[1] A sentence modification under Section 3582(c)(1)(A)(i) may be obtained only through a motion made either by the Director of the BOP or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." *Id.* § 3582(c)(1)(A).

## III. DISCUSSION

Cox's Section 3582 motion actually presents two distinct requests for relief. Cox first asks the Court to modify his sentence per Section 3582—or, at least the title

---

[1] An additional exception based on the defendant's age, time served, and danger to the community is set forth in Section 3582(c)(1)(A)(ii). That exception is not applicable here.

3

of Cox's motion would suggest as much. But the substance of Cox's motion and the substance of his requests and appeals to the BOP ask for a *recalculation* of his sentence to include jail-time credit for the time Cox spent in in-patient treatment. The Court concludes that it must deny the first request and dismiss the second for lack of jurisdiction.

Cox has not shown that he made any administrative requests for a sentence reduction before filing this motion as required by Section 3582(c)(1)(A). Section 3582(c)(1)(A)'s exhaustion requirement is mandatory, and thus Cox's failure to meet that requirement is dispositive. *United States v. Franco*, 973 F.3d 465, 469 (5th Cir. 2020). And even if Cox had exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" under the Sentencing Guidelines to warrant a modification of his sentence.

Concerning sentence recalculation, Cox submitted two administrative requests to the BOP to recalculate his sentence, one in 2018 and one in 2020. Cox's warden denied the 2018 request. Cox appealed that denial to the regional director, and the regional director denied that appeal. However, Cox has not established that he made a final appeal to the BOP Office of General Counsel as required before seeking judicial review. *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Cox has also not established that he appealed the denial of his 2020 request to the regional director or the Office of General Counsel.

### A. Section 3582(c)(1)(A)'s Exhaustion Requirement is Mandatory, and Cox Has Not Met It.

Under 18 U.S.C. § 3582(c), district courts have authority to modify a prisoner's sentence under narrow circumstances. One such circumstance, invoked by Cox, is provided by Section 3582(c)(1)(A)(i). This provision allows a court to modify a defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction of the sentence and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission . . . ." *Id.* § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A) makes clear, however, that a court cannot consider any modification to a defendant's sentence under Section 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his administrative remedies. *See id.* § 3582(c)(1)(A) (providing that a defendant may move for a sentence reduction in court only after he has fully exhausted his remedies within the BOP or allowed 30 days to pass after seeking administrative remedies).

Cox never made an administrative request asking the BOP to bring a motion for compassionate release or a sentence *reduction* on his behalf, as required by Section 3582(c)(1)(A)(i). *See Franco*, 973 F.3d at 467 ("The text [of Section 3582(c)(1)(A)] outlines two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'"). Instead, Cox made two separate administrative requests for a *recalculation* of his sentence to include jail-time credit (which, for reasons stated below, are also not ripe for judicial review).

5

To meet the exhaustion requirement, Cox must have requested a Section 3582 motion be filed on his behalf on the same grounds as the Section 3582 motion he now brings. *E.g.*, *United States v. March*, No. 4:18-CR-81(3), 2020 WL 6063445, at *1 (E.D. Tex. Oct. 13, 2020) (collecting cases). Because Cox's Section 3582 motion requests a sentence reduction or compassionate release, it differs from the sentence recalculation requested at the administrative level. Cox did not request that the BOP bring a Section 3582 motion for sentence reduction or compassionate release, and his failure to do so is fatal to his motion. *Franco*, 973 F.3d at 469. Thus, the Court must DENY Cox's motion on this basis.

**B. Cox Has Not Exhausted All Administrative Appeals of His Sentence Calculation Under 28 C.F.R. §§ 542.10–542.16 Before Seeking Judicial Review.**

Despite titling his motion a Section 3582 motion and making arguments relevant to that section, Cox made his administrative requests on the basis of seeking a sentence recalculation for jail-time credit, not seeking a sentence reduction for compassionate release under Section 3582. However, Cox also did not meet the exhaustion requirements of the regulations concerning sentence recalculation, and thus his motion fails on this basis as well.

"The Community Corrections Manager (CCM), Warden, Regional Director, and General Counsel are responsible for the implementation and operation of the Administrative Remedy Program at the Community Corrections Center (CCC), institution, regional and Central Office levels, respectively . . . ." 28 C.F.R. § 542.11(a). The warden, regional director, and general Counsel are also responsible for "[e]stablish[ing] procedures for receiving, recording, reviewing, investigating, and

6

responding to Administrative Remedy Requests (Requests) or Appeals (Appeals) submitted by an inmate . . . ." *Id.* § 542.11(a)(1). Typically, the administrative remedy process begins either with an attempt at informal resolution by complaining to prison staff, *id.* § 542.13, or by filing a "formal written Administrative Remedy Request" with the warden, *id.* § 542.14, depending on the type of complaint involved. For certain complaints, the inmate may direct his administrative request directly to the regional director, the BOP office that made the complained-of decisions, or the general counsel. *Id.* § 542.14(d). For administrative requests made to and denied by the warden, an inmate "may submit an Appeal . . . to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* "When the inmate demonstrates a valid reason for delay, these time limits may be extended." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

This administrative-appeal process applies to the computation of jail-time credit. *Wilson*, 503 U.S. at 335. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *Id.* "Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Id.* "Federal regulations

7

have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations *after* exhausting their administrative remedies . . . ." *Id.* at 335–36 (emphasis added) (citing 28 C.F.R. §§ 542.10–542.16; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990); *United States v. Bayless,* 940 F.2d 300, 304–05 (8th Cir. 1991); *United States v. Flanagan,* 868 F.2d 1544, 1546 (11th Cir. 1989); *United States v. Martinez,* 837 F.2d 861, 865–66 (9th Cir. 1988)).

Here, Cox has not shown that he exhausted his administrative remedies under 28 C.F.R. § 542.15. Regarding his first administrative request in 2018, the record before the Court shows only that Cox appealed his warden's denial to the regional director, not to the general counsel. (Dkt. #69 at 58–59). While the rejection notice concerning Cox's 2020 administrative remedy request states as the reason for rejection that "[t]his specific issue has [already] been addressed at the local, regional and *national* levels," (Dkt. #69 at 57), Cox attaches only the local and regional responses to his motion, (Dkt. #69 at 58–59). Nor does Cox make any mention of an appeal to the general counsel in his motion. Thus, Cox has not established that he exhausted his administrative remedies concerning the 2018 request.

Regarding the second administrative request in 2020, Cox apparently made an attempt at an informal resolution first, (Dkt. #69 at 55), and then submitted a formal request to his warden, (Dkt. #69 at 60). It is unclear from the record and Cox's motion whether the September 10 rejection attached was in response to the informal request or to the formal request, although it appears to be the latter. *See* (Dkt. #69 at 57)

(stating that "this administrative remedy request is being rejected"). Regardless, Cox does not attach any documents showing he appealed that rejection, nor does he mention that he appealed that decision or that those appeals were likewise denied. Thus, Cox has not established that he exhausted his administrative remedies as to the 2020 request. Because the regulations require that Cox exhaust all administrative remedies before seeking judicial review, the Court does not have jurisdiction over his request for sentence recalculation. *See, e.g.*, *Flanagan*, 868 F.2d at 1546 ("[D]efendant must pursue administrative remedies before district court has jurisdiction . . . ."); *Martinez*, 837 F.2d at 865–66 ("The courts have original jurisdiction only over the imposition of sentence, not over its computation . . . ."). Thus, the Court must DISMISS Cox's recalculation request for lack of jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that Cox's Motion for Compassionate Release/Reduction in Term of Imprisonment, (Dkt. #69), is **DENIED in part** and **DISMISSED in part for lack of jurisdiction**.

So ORDERED and SIGNED this 12th day of November, 2020.

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE